## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

State Highway and Transportation
Commissioner of Virginia

v.

David I. Levine et al,

April 3, 1984

Case No. (Law) 15,212

■■■■■■■■■■■■

By JUDGE BERNARD G. BARROW

In this condemnation proceeding a dispute over the distribution of funds exists between the fee simple owners of the property involved and a [creditor] secured by a deed of trust on the property. I have concluded that the fee simple owners are entitled at this time to receive compensation for their interest in the property which was not subject to the lien of the deed of trust, but that the balance should not be distributed to either party except in accordance with the terms of the underlying obligation secured by the deed of trust.

The Commonwealth of Virginia took 9.654 acres of property by eminent domain and has deposited the sum of $1,350,000 with the Clerk of this Court in compensation for the property. $533,272 represents the agreed value of the property taken, and $816,728 represents the agreed damage to the residue of the property. David I. Levine ("Levine") and his spouse, Gale M. Levine, who are the current fee simple owners of the property, were named as defendants. Barbara Mager ("Mager"), Levine's former spouse, is holder of a negotiable promissory note secured by a deed of trust on the property. She has filed a petition requesting that the funds on deposit be paid to her in satisfaction of the debt secured by the deed of

trust. The defendants have also petitioned for the funds to be paid to them.

### Is the Noteholder Entitled to Distribution from the Funds at This Time?

Levine gave the deed of trust note to Mager as part of an exchange of property that took place in accordance with a Stipulation Agreement after they were divorced. The total amount of the note is $1,000,000 which is payable with interest at the rate of four percent per annum as follows:

(A) Upon the sale by David I. Levine to any third party of any portion or all of the real estate constituting the security in the deed of trust securing this note, Fifty Percent (50%) of the total sales price of said property as collected by David I. Levine. . . shall be immediately due and payable.

(B) Upon the utilization by David I. Levine, for his own purpose. . . of any of the real estate constituting the security in the deed of trust. . . an installment payment shall be due and payable. . . as follows.

Mager contends that the lien of her deed of trust was transferred to the condemnation funds and, therefore, she is entitled to these monies. Levine contends that since the property has not been sold or utilized Mager is not entitled to anything at this time, and, since her deed of trust is fully secured by the remaining property, the entire funds should be awarded to the defendants.

In *Manufacturer's Trust Co. v. Roanoke Co.*, 172 Va. 242 (1939), the Supreme Court dealt with a related issue. Bondholders of the defendant, a water company, were secured by a deed of trust on property which was condemned. The water company contended that the condemnation accelerated the maturity of the bonded indebtedness and thus obviated the necessity to pay the bondholders further interest and a redemption premium. The Supreme Court held that the condemnation did not accelerate the maturity of the bonds, that the bondholders could insist

on the debt being paid in accordance with the terms of the bonds, and that they could look to the funds being held by the court for the enforcement of their claims, subject to the Water Company's right of electing to redeem the bonds upon the terms stated in them. See *Manufacturer's Trust Co. v. Roanoke Co.*, 172 Va. at 263.

In reaching its conclusion, the Supreme Court observed that Virginia is one of those jurisdictions which does not require the holder of a deed of trust to be a party to a condemnation proceeding in order to fix compensation since he is not an owner of the property being condemned but merely the holder of a lien against that property. *Id.* at 242. The statutory language, adopted after this decision, ratifies it by providing that "All liens by a deed of trust. . . upon such property. . . shall be transferred to the fund so paid into court." Va. Code, Section 25-46.28 (1980).

The same section of the code also provides that "the court shall make such distribution of such money . . . as to it may seem proper, having due regard to the interest of all persons therein, and in what proportions such money is properly payable." *Ibid.* The Supreme Court in interpreting similar language in a predecessor provision said this meant that "the fund must be distributed as to the court may seem proper, giving due regard to the rights of the parties as fixed by law or by contract." *Manufacturer's Trust Co. v. Roanoke Co.*, *supra* at 259. It went further in that case and required that the terms of the contract between the parties as contained in the bonds and the mortgage be examined in order to determine the rights of the parties. *Ibid.*

Looking then to the promissory note and deed of trust in this case, it is first important to observe that there is no provision in either of these documents which purports to accelerate the maturity date of the promissory note upon the condemnation of the secured property. This, too, is similar to the factual setting in *Manufacturer's Trust Co. v. Roanoke Co.* The Supreme Court observed that there was no such provision in the bonds or mortgage involved in that case and said:

> If the parties had intended that the condemnation of the mortgaged property would effect an acceleration of the maturity of the bonds they would have so stated. One simple sentence

would have accomplished that result. *Manufacturer's Trust Co. v. Roanoke Co., supra* at 260-261.

The promissory note and the deed of trust in this case require payment only upon either the sale to a third party or the utilization of the property by Levine. Neither of these events have occurred. There is no provision for acceleration except that Levine is entitled under the terms of the deed of trust to have portions of the property released by paying Mager certain amounts for each acre released.

Mager stands in shoes similar to those of the bondholders in the *Manufacturer's Trust Co.* case. She has the right to insist that Levine pay the debt in accordance with the terms of the note and the right to look to the fund in the hands of the Clerk for the enforcement of her claim, subject to Levine's right to obtain release of the funds in accordance with the terms of the deed of trust.

Therefore, unless the parties agree otherwise, neither is entitled to distribution of the funds securing the deed of trust at this time.

### *Is Levine Entitled to Distribution of Any of the Funds at this Time?*

As indicated above, Levine is not entitled to distribution of any of the funds which are subject to the lien of Mager's deed of trust. However, not all of the defendants' interest in the property is subject to the lien of Mager's deed of trust.

At the time Levine conveyed the property in trust to secure Mager's deed of trust note, he only owned a one-half undivided interest in the approximately 82 acres from which the condemned parcel was taken. The other undivided half interest was owned by five other persons.

Thereafter, the defendants acquired the interest of the other five persons in the remaining undivided one-half interest. Therefore, this later acquisition is not subject to the lien of Mager's deed of trust. It is, however, subject to a later purchase money deed of trust conveyed by the defendants at the time they purchased the second undivided one-half interest to secure an indebtedness to the grantors.

Thus, only one-half of the funds deposited are subject to the lien of Mager's deed of trust. The other half has now been released of the lien of the later deed of trust by an agreed order paying over $575,000 to its trustee. Therefore, the sum of $100,000 remains on deposit free of the lien of Mager's deed of trust and the lien of the later deed of trust, and the defendants are entitled to distribution of it now, subject to any additional liens encumbering it.

## Conclusion

The defendants are entitled to distribution of $100,000 of the funds on hand less any liens which may encumber their share of the funds. The balance of the funds shall be held by the Clerk of this Court as security for the lien of Mager's deed of trust until (1) the underlying deed of trust note is due and payable according to its terms, (2) Levine elects to obtain a release of the lien of the deed of trust by payment of the funds required for this purpose under the terms of the deed of trust, or (3) the parties mutually agree to a release of the lien and a distribution of the funds.

Counsel for the defendants is requested to prepare an order denying Mager's petition at this time. He is also requested to arrange for a hearing to determine whether any further liens are secured by the funds which would prevent the distribution to the defendants in accordance with this opinion.